Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LEON ALAN BLAIS,**

    Plaintiff,

vs.                                                       Case No. 4:21cv82-AW-MAF

**LEON COUNTY SHERIFF'S OFFICE,**
**BIG OAK RV PARK,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

A complaint was submitted to this Court on February 2, 2021, by Mr. Leon Alan Blais. ECF No. 1. Because the filing fee was not paid, nor was an in forma pauperis motion filed, an Order was entered directing Plaintiff to do one or the other. ECF No. 4.

In addition, Mr. Blais identified himself as a "Member of the Bar of this Court." ECF No. 1 at 3. Mr. Blais provided an address in Tallahassee on Timberlane Road in the complaint, but that was not the address listed for attorney Blais in the Attorney Admissions list for this Court. Instead, Mr. Blais' address was in Williston, Florida. Due to the conflicting

addresses, the prior Order directed the Clerk's Office to attempt to contact Mr. Blais and confirm his address for the docket. ECF No. 4. That effort was not successful as initial telephone calls went without response and, later, the telephone number was "not in service."

Moreover, the prior Order required clarification from Mr. Blais as to his correct and valid mailing address. *Id.* Both the Court Order, ECF No. 4, and the Clerk's Notice to Litigants, ECF No. 3, were returned to the Court as undeliverable. ECF Nos. 5-6. To be clear, the Clerk's Office mailed the documents to both addresses, *see* ECF No. 5, but only mail sent to the Williston, Florida address was returned, ECF No. 6. No response was received from the Tallahassee address.

Subsequently, another Order was entered which directed the Clerk's Office to mail the prior Order to the Tallahassee address as listed within the complaint. ECF No. 7 (citing ECF No. 1 at 3). In addition, the Order required Mr. Blais to file a response which clarified his correct mailing address, and provided a valid telephone number, if he had one. ECF No. 7. Mr. Blais' deadline to comply was March 5, 2021. *Id.* In addition, Mr. Blais was also required to either pay the filing fee or file a motion for in forma pauperis status. *Id.* That Order, ECF No. 7, was entered on

February 19, 2021, and has not been returned to the Court as undeliverable. More importantly, however, Mr. Blais has not complied with the Order and his deadline has long expired. It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

Case No. 4:21cv82-AW-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on April 1, 2021.

　S/　Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv82-AW-MAF